# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FLOYD DAMREN,

    Petitioner,

v.                                                         Case No. 3:03-cv-397-J-32JRK

SECRETARY, FLORIDA
DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Before the Court is Respondents' Motion to Disqualify Capital Collateral Regional Counsel-North as Co-Counsel (Doc. 170), in which they allege CCRC-North's representation as federal habeas co-counsel presents a conflict because CCRC-North is also Petitioner's state postconviction counsel. Id. According to Respondents, CCRC-North's dual representation in state and federal court precludes Petitioner's ability to raise federal habeas claims related to CCRC-North's effectiveness as state postconviction counsel as contemplated by Martinez v. Ryan, 566 U.S. 1 (2012), and Christenson v. Roper, 135 S. Ct. 891 (2015). See generally Doc. 170. They also contend that "[t]here simply is no need for any additional counsel to be appointed when either of the [Capital Habeas Units] [have] been appointed as federal habeas counsel." Id. at 2.

The Capital Habeas Unit for the Middle District of Florida, on behalf of Petitioner, filed a Motion to Strike Respondents' Motion to Disqualify Capital

Collateral Regional Counsel-North as Co-Counsel (Doc. 173) and a Memorandum in Opposition (Doc. 172). The CHU-MDFL argues that CCRC-North's representation as co-counsel does not present an actual conflict and explains that "CCRC-North is well aware of its ethical obligations, and none are breached by it working formally with the CHU-MDFL." Doc. 173 at 11. Respondents filed a Response to the Motion to Strike. See Doc. 174.

On May 14, 2003, Jefferson W. Morrow, Esquire, initiated this action on behalf of Petitioner, a death row inmate, by filing a Motion for Leave to Proceed In Forma Pauperis. See Doc. 1. Counsel filed Petitioner's initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 12) on November 24, 2003. On February 27, 2006, the Court appointed John S. Mills, Esquire as Petitioner's co-counsel for the limited purpose of addressing the timeliness of the Petition. Doc. 53. On September 24, 2013, the Court dismissed the Petition with prejudice and granted a certificate of appealability as to whether equitable tolling was applicable and to the extent that Petitioner raised a claim under 18 U.S.C. § 3599(a)(2). See Doc. 148. Judgment was entered, and this case was closed on September 25, 2013. See Doc. 149.

On November 13, 2013, the Court appointed Mr. Mills, Andrew D. Manko, and Courtney R. Brewer as counsel for Petitioner on appeal. See Doc. 153. On January 21, 2015, the Eleventh Circuit Court of Appeals issued an Opinion (Doc. 160) affirming this Court's dismissal of the Petition as time-barred, and rendered its Mandate (Doc. 161) on May 26, 2016. The United State Supreme Court denied Petitioner's petition for writ of certiorari on January 23, 2017. See Doc. 162.

Following the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), the Capital Habeas Unit for the Northern District of Florida filed a motion to be substituted as Petitioner's federal habeas counsel. See Doc. 163. The CHU-NDFL also requested that CCRC-North be appointed as federal habeas co-counsel for Petitioner. Id. According to CHU-NDFL, CCRC-North is representing Petitioner in state court proceedings related to Hurst, and thus, CHU-NDFL consulted CCRC-North about Petitioner's federal habeas case. Doc. 163 at 4. On August 6, 2018, pursuant to 18 U.S.C. § 3599, the Court granted the CHU-NDFL's motion (Doc. 163), finding good cause to appoint CHU-NDFL and CCRC-North as co-counsel for Petitioner. See Doc. 164. Thereafter, on November 21, 2018, the CHU-MDFL filed a motion to be substituted for CHU-NDFL as co-counsel for Petitioner. See Doc. 168. In making its request, CHU-MDFL explained that it also consulted CCRC-North and agreed the factual and legal complexities of Petitioner's case necessitate the work of both CCRC-North and CHU-MDFL. Id. at 4. The Court granted the CHU-MDFL's motion to be substituted as co-counsel on November 30, 2018. Doc. 169. The parties' current Motions followed.

At this time, the Court declines to find that CCRC-North's representation as federal habeas co-counsel presents a conflict of interest. Further, the Court previously adjudicated Petitioner's § 2254 federal habeas Petition challenging his conviction and death sentence; thus, the Court has no jurisdiction to consider a potential second or successive § 2254 petition related to Hurst unless the Eleventh Circuit first grants authorization to file such a petition. See 28 U.S.C. § 2244(b)(3)(A) (requiring a

3

petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). If Petitioner obtains authorization from the Eleventh Circuit to file a successive federal habeas petition, he would then proceed on any second or successive petition by filing a new case with this Court.

Accordingly, it is **ORDERED:**

1. Respondents' Motion to Disqualify Capital Collateral Regional Counsel-North as Co-Counsel (Doc. 170) is **DENIED**.

2. CHU-MDFL's Motion to Strike Respondents' Motion to Disqualify Capital Collateral Regional Counsel-North as Co-Counsel (Doc. 173) is **DENIED as moot**.

3. As there are currently no pending matters in this case, the file shall remain closed.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of April, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
C: Counsel of record

4